UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VIRGINIA SEEGER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-cv-00314-MSM-LDA |
| ) | |
| MARSHALLS OF MA, INC., ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Virginia Seeger ("Seeger"), proceeding pro se, has sued Marshalls of MA, Inc. ("Marshalls"), alleging employment discrimination. Marshall's Motion to Set Aside Default and Motion to Dismiss are before the court for consideration. (ECF Nos. 4, 7.)

I. BACKGROUND

Virginia Seeger is an employee at the Marshalls department store in Narragansett, Rhode Island. She has worked at Marshalls for over twenty years in a part-time capacity. After retiring from her full-time job with the United States Postal Service after the pandemic, Ms. Seeger took on additional hours at Marshalls. Ms. Seeger expected that her work responsibilities would include primarily "floor" duties, but she was surprised and upset when she was staffed on the register most of the time. Ms. Seeger communicated to her supervisors that she would prefer to work on the floor because of an injury to her knee that made it difficult for her to stand for

prolonged periods and for other reasons.  Her supervisors told her to fill out a request for accommodation form; Ms. Seeger objected.  Instead, she brought a discrimination charge against Marshalls before the Equal Employment Opportunity Commission ("EEOC") and the Rhode Island Commission for Human Rights ("RICHR").  The EEOC and RICHR rejected Ms. Seeger's charges and issued notices of right to sue.  Ms. Seeger then brought another charge, which the Commissions also rejected and issued notices of right to sue.  Ms. Seeger then sued Marshalls in Rhode Island Superior court.

On May 30, 2023, Ms. Seeger served her Complaint on Marshalls through CT Corporation, Marshalls' registered agent for service.  Due to "inadvertence and difficult personal circumstances" impacting Marshalls' in-house legal counsel, Marshalls did not respond to the Complaint within the twenty days allowable under state procedural rules.  (ECF No. 1 at 3.)  On June 29, 2023, twenty-eight days after serving her Complaint, Ms. Seeger moved for entry of a default.  On June 30, 2023, the Clerk of the state court entered a default.  On July 7, 2023, counsel for Marshalls filed a notice of appearance with the state court, as well as a notice of intent to move to set aside the default.  On July 11, 2023, Marshalls filed the Motion to Set Aside Default and Respond to Plaintiff's Complaint, arguing that the default should be vacated for good cause shown.  On July 17, 2023, Ms. Seeger filed a response to Marshalls' motion.  The response included information showing that several of Ms. Seeger's claims arise under federal law.  On that basis, Marshalls removed the case to federal court on July 28, 2023.  Marshalls now moves to dismiss Ms. Seeger's

2

lawsuit under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) Marshalls also acknowledges that their Motion to Set Aside Default is still pending and requests that the court adjudicate that motion. (ECF No. 4.)

## II.    DISCUSSSION

### A.    The Pending Motion to Set Aside Default

Marshalls' Motion to Set Aside Default was pending before a Rhode Island state court when this case was removed to federal court. Removal divests a state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court. *See Duncan v. Gegan*, 101 U.S. 810, 812 (1879) ("The transfer of the suit from the state court to the [federal] [c]ourt did not vacate what had been done in the state court previous to the removal. *The [federal] [c]ourt, when a transfer is effected, takes the case in the condition it was when the state court was deprived of its jurisdiction.*") (emphasis added). By operation of law, all motions pending in state court at the time of removal remain pending as if they had been filed in federal court. *Id.*; *see also Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) (a motion to set aside a default judgment which was pending in state court prior to removal was a motion that could be considered by the district court without "replead[ing] or mak[ing] the motion again").

Once a case is removed to federal court, further proceedings are governed by the Federal Rules, not by state procedural rules. *See* Fed. R. Civ. P. 81(c)(1); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of*

3

*Alameda Cnty.*, 415 U.S. 423 (1974). Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure. *See* Fed. R. Civ. P. 55. There is a three-step process for securing a default judgment. First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.* Finally, the moving party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b).

Rule 55(c) provides that a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). There is no mechanical formula for determining whether good cause exists, and courts may consider a host of relevant factors. *See KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Id.*; *see also Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (noting that these three factors "comprise the indicia employed by most courts"). But that is not an exclusive list and courts may consider other relevant factors, including "(4) the nature of the Defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) [and] the timing of the motion [to set aside the entry of default]." *KPS*, 318 F.3d at 12. Ultimately, the burden of demonstrating good cause lies with the party seeking to set aside the default. *See Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010).

4

Marshalls has met its burden of demonstrating that there is good cause to set aside the default. The default was not willful; at the time of service, Marshalls' attorney was "overwhelmed attending to family medical issues and the death of a friend." (ECF No. 1-9 at 4.) Marshalls has presented a meritorious defense to Ms. Seeger's underlying claims. (*See* ECF No. 7.) Setting aside the default does not prejudice Ms. Seeger's presentation of the case. Because the default was not willful, because Marshalls has presented a meritorious defense, and because setting aside the default does not prejudice Ms. Seeger, the Motion to Set Aside Default is GRANTED.

### B.   The Motion to Dismiss

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if the complaint fails to satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "short and plain" statement must provide a defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. To show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*; *see also Iqbal*, 556 U.S. at 679.

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Rule 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings. *Trans–Spec Truck Serv., Inc.*

5

*v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008). When the dates included in a complaint show that the limitations period has been exceeded and the complaint "fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations," dismissal pursuant to Rule 12(b)(6) is appropriate. *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 119 (1st Cir. 2014).

Marshalls moves to dismiss Ms. Seeger's state and federal law claims on the basis that the claims are time barred. A plaintiff asserting federal discrimination or retaliation claims, whether under the Age Discrimination in Employment Act, the Americans with Disabilities Act, or Title VII of the 1964 Civil Rights Act, must file suit within ninety days of receiving a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); *see also Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009); *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012) (noting that the Americans with Disabilities Act is governed by the procedural requirements of Title VII); *Perez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 91 (1st Cir. 2021) (noting that Age Discrimination in Employment Act claims must be filed within 90 days after receipt of notice of right to sue). The same requirement applies to Ms. Seeger's state-law claims brought under the Fair Employment Practices Act. R.I.G.L. § 28-5-24-.1(a). These requirements are strict: "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Rice v. New Eng. Coll.*, 676 F.2d 9, 11 (1st Cir. 1982).

Ms. Seeger brought two charges before the RICHR and the EEOC. The RICHR issued a Dismissal and Notice of Right to Sue for Ms. Seeger's First Charge on June 28, 2022. (ECF No. 6-5 at 5.) Ms. Seeger had ninety days from receipt of that notice to sue in Rhode Island state court based on the allegations included in the First Charge. The Complaint taken on its face shows that she did not do so. The RICHR issued a Dismissal and Notice of Right to Sue pertaining to Ms. Seeger's Second Charge on February 14, 2023. (ECF No. 6-6 at 5.) Ms. Seeger had ninety days from receipt of that notice to sue in Rhode Island state court based on the allegations included in the Second Charge. Again, the Complaint taken on its face shows that she did not do so. The defendant's Motion to Dismiss is GRANTED as to Ms. Seeger's state-law claims.

The EEOC issued a notice of right to sue for Ms. Seeger's First Charge on August 3, 2022. (ECF No. 7-1 at 2.) Ms. Seeger had ninety days from receipt of that notice to sue in state or federal court based on the federal law claims included in the First Charge. The Complaint taken on its face shows that she did not do so. The EEOC issued a notice of right to sue for Ms. Seeger's Second Charge on March 17, 2023. (ECF No. 9 at 7). Ms. Seeger had ninety days from receipt of that notice to sue in state or federal court based on the federal law claims included in that charge. Ms. Seeger filed suit in Rhode Island state court on May 25, 2023, within ninety days of its receipt. (ECF No. 6 at 2.) Because this suit was filed on May 25, 2023, less than ninety days after Ms. Seeger received notice of right to sue from the EEOC, dismissing Ms. Seeger's federal law claims as untimely is only proper if the Second

7

Charge was duplicative of the First. *See Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014) ("[I]f the proponent of a discrimination claim fails to sue within the specified ninety-day period, his claim expires and is not resuscitated by the filing of a second administrative charge [addressing the same conduct].").

Marshalls asserts the Complaint shows that Ms. Seeger's failure to accommodate, age, and disability-based discrimination claims arising under federal law were presented in the First Charge. (ECF No. 7 at 9.) The Court agrees; Ms. Seeger's claims re-presented in the Second Charge are duplicative. *Compare, e.g.*, (ECF No. 1-5 at 8) (alleging that Ms. Seeger was compelled to work the register even though she "spoke with [her supervisor] on 9/14/21 … [and] tol[d] her [she] would bring in a letter from [her] Orthopedic Surgeon … stating that [she] could not stand at [the] cash register for more than [two] hours but [could] walk around to perform [her] duties on sales floor") *with* (ECF No. 1-6 at 8) (alleging that Marshalls "was aware of [Ms. Seeger's] knee injury and that [she] needed an accommodation of only being on the register for short periods of time, but … continuously chose [her] to go to the registers for long periods of time, even though there were other coworkers not within [her] protected class that could have been chosen"). Because Ms. Seeger's federal law failure to accommodate, age, and disability-based discrimination claims included in the Second Charge were repetitions of the allegations included in the First The Charge, the defendant's Motion to Dismiss those claims as untimely is GRANTED.

## III. CONCLUSION

Defendant's Motion to Set Aside Default (ECF No. 4) is GRANTED. Defendant's Motion to Dismiss (ECF No. 7) is GRANTED as to Ms. Seeger's state-law claims and GRANTED as to Ms. Seeger's federal law failure to accommodate, age, and disability-based discrimination claims. The court notes that Ms. Seeger's federal law retaliation claim survives, as Marshalls stated in its Motion to Dismiss that it intends to file a later dispositive motion to address that claim. (ECF No. 7 at 9.)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
January 12, 2024