# United States Court of Appeals
## For the First Circuit

_____

No. 25-1336

VIRGINIA SEEGER,

Plaintiff - Appellant,

v.

MARSHALLS OF MA, INC.,

Defendant - Appellee.

_____

Before

Gelpí, Montecalvo, and Rikelman,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: June 2, 2026

Appellant Virginia Seeger ("Appellant") launched this appeal following the district court's entry of judgment in the underlying action concerning claims of employment discrimination and retaliation. Appellant specifically seeks review of the district court's rulings setting aside default against Appellee Marshalls of MA, Inc. ("Appellee"); dismissing all of her state law claims and all federal discrimination claims as untimely; and granting summary judgment to Appellee on the only remaining claim, a claim of retaliation under federal law. We assume, in Appellant's favor, that all three challenges properly are before the court and that Appellant sufficiently preserved the specific arguments she offers in briefing.

After careful review of the parties' briefs and relevant portions of the district court record, we conclude that Appellant has not established that the district court committed any reversible error or abuse of discretion. First, Appellant has not shown any clear error or abuse of discretion in the district court's finding of good cause to set aside default. <u>See</u> <u>Indigo Am., Inc.</u> v. <u>Big Impressions, LLC</u>, 597 F.3d 1, 3 (1st Cir. 2010) (standard of review is deferential, with the district court's factual findings reviewed for clear error and its balancing of the relevant factors reviewed for abuse of discretion).

Second, Appellant has not established any basis to disturb the district court's dismissal on timeliness grounds of all of her state law claims and all of her federal law claims except for the claim of retaliation. See 42 U.S.C. § 2000e-5(f)(1); R.I. Gen. Laws § 28-5-24.1 (both providing that lawsuit must be filed within 90 days of receipt of right-to-sue notice); Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 391 (1st Cir. 2014) (describing the "unambiguous precedent holding that if the proponent of a discrimination claim fails to sue within the specified ninety-day period, his claim expires and is not resuscitated by the filing of a second administrative charge").

Finally, Appellant has not shown any error in the district court's entry of summary judgment for Appellee on her federal retaliation claim. See MacRae v. Matos, 106 F.4th 122, 132 (1st Cir. 2024) (summary judgment rulings reviewed de novo); Burlington N. & Santa Fe Ry. Co v. White, 548 U.S. 53, 68 (2006) (plaintiff alleging retaliation "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination").

In accordance with the foregoing, the judgment of the district court is **affirmed.** Any remaining pending motions or requests, to the extent not moot in light of the foregoing, are **denied**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Virginia Seeger
Anthony S. Califano
Sara E. Sweeney
Michael Eric Steinberg